# EXHIBIT 1

## TO DEFENDANT SWIFT TRANSPORTATION CO. OF ARIZONA, LLC'S NOTICE OF REMOVAL OF ACTION (CLASS ACTION FAIRNESS ACT)

EXHIBIT 1
PAGE 033

ORIGINAL

Dept. # 9   Assigned   Wiley

CA 90640 46024/1501

1   Louis Benowitz (SBN 262300)
        louis@benowitzlaw.com
2   LAW OFFICES OF LOUIS BENOWITZ
3   9454 Wilshire Boulevard, Penthouse
    Beverly Hills, California 90212
4   Telephone: (310) 844-5141, Facsimile: (310) 492-4056

5   Joshua Cohen Slatkin (SBN 285090)
        jcohenslatkin@jcslaw4you.com
6   LAW OFFICE OF JOSHUA COHEN SLATKIN
7   11726 San Vicente Boulevard, Suite 200
    Los Angeles, California 90049
8   Telelphone: (310) 627-2699, Facsimile: (310) 943-2757

9   Attorneys for Plaintiffs
10  JOHEL VALIENTE and ASHRAF AIAD

FILED
Superior Court of California
County of Los Angeles

OCT 16 2018

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
        Steven Drew

BY FAX

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                  FOR THE COUNTY OF LOS ANGELES

13

14  JOHEL VALIENTE and ASHRAF AIAD, on     Case No.  18STCV01036
    behalf of themselves and all others similarly
15  situated,                             CLASS ACTION

16              Plaintiffs,               COMPLAINT FOR:

17      vs.                               1.  Failure to Provide Meal Periods (Cal.
18                                            Lab. Code §§ 226.7, 512, and 1198);
    SWIFT TRANSPORTATION CO. OF           2.  Failure to Provide Rest Periods (Cal.
19  ARIZONA, LLC, a Delaware limited liability    Lab. Code §§ 226.7 and 1198);
    company; and DOES 1–50, inclusive,    3.  Failure to Provide Accurate Written
20                                            Wage Statements (Cal. Lab. Code §
21              Defendants.                    226(a));
                                          4.  Waiting Time Penalties (Cal. Lab. Code
22                                            §§ 201-203);
23                                        5.  Unfair Competition (Cal. Bus. & Prof.
                                              Code § 17200 et seq.); and
24                                        6.  Civil Penalties (Cal. Lab. Code § 2698
                                              et seq.)
25

26                                        JURY TRIAL DEMANDED

27

28

_____
*Valiente, et al. vs. Swift Transportation Co. of*          Class Action Complaint
*Arizona, LLC, et al.*

EXHIBIT 1
PAGE 034

Plaintiffs JOHEL VALIENTE and ASHRAF AIAD (hereafters, "Plaintiffs"), on behalf of himself and all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1.    Plaintiffs brings this class action against defendants SWIFT TRANSPORATION CO. OF ARIZONA, LLC and DOES 1-50, inclusive (collectively "Defendants") for alleged violations of the California Labor Code, Industrial Welfare Commission Order No. 9-2001 (hereafter "the Wage Order"), and the California Business and Professions Code.

2.    As set forth in more detail below, Plaintiffs allege that Defendants are liable to them and other similarly situated current and former truck drivers in California for unpaid wages and other related relief. These claims are based on Defendants' alleged failures (1) provide all rest breaks, (2) provide all meal periods, (3) fairly compete, (4) provide accurate wages statements, and (5) timely pay final wages upon termination of employment. Accordingly, Plaintiffs now seek to recover unpaid wages and related relief through this class and representative private attorney general action.

## PARTIES

3.    Plaintiff JOHEL VALIENTE is a former employee of Defendants who worked for them as an hourly truck driver in California from approximately October 2015 until approximately November 2017.

4.    Plaintiff ASHRAF AIAD is a former employee of Defendants who worked for them as an hourly truck driver in California from approximately September 2015 until approximately January 2018.

5.    Defendant SWIFT TRANSPORATION CO. OF ARIZONA, LLC is a limited liability company organized and existing under the laws of Delaware that does business in California, including in Los Angeles County.

6.    Plaintiffs are ignorant of the true names, capacities, relationships, and extents of participation in the conduct alleged herein, of the defendants sued as DOES 1-50, inclusive, but are informed and believe and thereon allege that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names. Plaintiff will amend the Complaint to allege the true names and capacities of the DOE defendants when ascertained.

1

EXHIBIT 1
PAGE 035

7.    Plaintiffs are informed and believe and thereon allege that, at all relevant times herein, all Defendants were the agents, employees and/or servants, masters or employers of the remaining defendants, and in doing the things hereinafter alleged, were acting within the course and scope of such agency or employment, and with the approval and ratification of each of the other Defendants.

8.    At all relevant times, in perpetrating the acts and omissions alleged herein, Defendants, and each of them, acted pursuant to and in furtherance of a policy, practice, or a lack of a practice which resulted in Defendants not paying Plaintiffs and other members of the below-described class in accordance with applicable laws as alleged herein.

9.    Plaintiffs are informed and believe and thereon allege that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

### CLASS ALLEGATIONS

10.    This action has been brought and may be maintained as a class action pursuant to California Code of Civil Procedure § 382 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

11.    **Class Definitions:** The classes are defined as follows:

A.    **Plaintiff Class**: All persons Defendants employed by Defendants in California as truck drivers who were paid on an hourly basis at any time during the period beginning four years before the filling of this action and ending on the date final judgment is entered in this action.

B.    **Former Employee Subclass**:  All **Plaintiff Class** members who separated from their employment with Defendants in California at any time during the period beginning three years before the filling of this action and ending on the date final judgment is entered in this action.

C.    **Wage Statement Penalties Subclass**: All **Plaintiff Class** members who worked for Defendants in California at any time during the period beginning one year before the

2

EXHIBIT 1
PAGE 036

filling of this action and ending on the date final judgment is entered in this action.

12.     **Reservation of Rights:** Pursuant to Rule of Court 3.765(b), Plaintiffs reserve the right to amend or modify the class definitions with greater specificity, by further division into subclasses and/or by limitation to particular issues.

13.     **Numerosity:** The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiffs do not currently know the exact number of class members, Plaintiffs are informed and believe that the actual number exceeds the minimum required for numerosity under California law.

14.     **Commonality and Predominance:** Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These questions include, but are not limited to:

A.     Whether Defendants failed to provide **Plaintiff Class** members with all rest breaks as required by section 12 of the Wage Order?

B.     Whether Defendants failed to provide **Plaintiff Class** members with all meal periods as required by section 11 of the Wage Order?

C.     Whether Defendants engaged in unfair competition within the meaning of Business and Professions Code §§ 17200, *et seq.*, with respect to **Plaintiff Class** members?

D.     Whether Defendants knowingly and intentionally failed to provide **Plaintiff Class** members with accurate wage statements?

E.     Whether Defendants willfully failed to provide **Former Employee Subclass** members with timely and complete final wage payments?

F.     Whether **Plaintiff Class** members are entitled to restitution of money or property that Defendants may have acquired from them through alleged violations of the California Labor Code and the Wage Order?

15.     **Typicality:** Plaintiffs' claims are typical of the other class members' claims. Plaintiffs are informed and believe and thereon allege that Defendants have a policy, practice or a lack of a policy which resulted in Defendants failing to comply with the California Labor Code, the Wage Order and the California Business and Professions Code.

16.     **Adequacy of Class Representative:** Plaintiffs are adequate class representatives in that they have no interests that are adverse to, or otherwise in conflict with, the interests of absent class members. Plaintiffs are dedicated to vigorously prosecuting this action on behalf of

3

EXHIBIT 1
PAGE 037

class members. Plaintiffs will fairly and adequately represent and protect the interests of class members.

17.    **Adequacy of Class Counsel:** Plaintiffs' counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiffs or absent class members, are experienced in class action litigation and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

18.    **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of monies owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

**FIRST CAUSE OF ACTION**

**FAILURE TO PROVIDE MEAL PERIODS**

**(Lab. Code §§ 226.7, 512, and 1198)**

**(By Plaintiffs and the Plaintiff Class against all Defendants)**

19.    Plaintiffs incorporate all paragraphs of the Complaint as if fully alleged herein.

20.    At all relevant times during the applicable limitations period, Plaintiff and the class have been non-exempt employees of Defendants and entitled to the benefits and protections of California Labor Code §§ 226.7, 512 and 1198, and the Wage Order.

21.    Labor Code § 1198 states,

> "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

22.    In relevant part, Labor Code Section 512 states

4

---

*Valiente, et al. vs. Swift Transportation Co. of Arizona, LLC, et al.*                    Class Action Complaint

EXHIBIT 1
PAGE 038

"An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

23.     In relevant part, Section 11 of the Wage Order states

"Meal Periods

(A)     No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee.

(B)     An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

(C)     Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(D)     If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

24.     In addition, Labor Code Section 226.7 states

*Valiente, et al. vs. Swift Transportation Co. of Arizona, LLC, et al.*                    Class Action Complaint

EXHIBIT 1
PAGE 039

(b)     An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health.

(c)     If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

25.     Pursuant to California Labor Code § 512 and the Wage Order, Plaintiff and **Plaintiff Class** members were entitled to be provided with uninterrupted meal periods of at least thirty (30) minutes for each day they worked five (5) or more hours, and a second uninterrupted thirty (30) minute meal period on days they worked more than ten (10) hours.

26.     During the relevant time period, Defendants failed to provide Plaintiffs with all timely meal periods required by California law, including, but not limited to, two 30-minute uninterrupted meal periods on workdays they worked more than ten hours. Plaintiffs are informed and believe and thereon allege that, at relevant times within the applicable limitations period, Defendants had a policy, practice, and/or a lack of a policy which resulted in Defendants not providing the **Plaintiff Class** members with all timely meal periods required by California law, including, but not limited to, two 30-minute uninterrupted meal periods on workdays they worked more than ten hours.

27.     Defendants failed to pay Plaintiffs the additional wages required by California Labor Code § 226.7 for all workdays in which one or more meal periods were not provided to them. Plaintiffs are informed and believe and thereon allege that, at relevant times within the applicable limitations period, Defendants have maintained a policy, practice, or a lack of a policy which resulted in Defendants not providing the **Plaintiff Class** members with additional wages for all workdays on which one or more meal periods were not provided to each of them as required by California Labor Code § 226.7.

28.     As a result of Defendants' unlawful conduct, Plaintiffs and the **Plaintiff Class** members have suffered damages in amounts subject to proof to the extent they were not paid

6

EXHIBIT 1
PAGE 040

additional wages owed for all meal periods not provided to them.

29.     By reason of the above, Plaintiffs and the **Plaintiff Class** members are entitled to premium wages for workdays in which one or more meal periods were not provided to them pursuant to California Labor Code § 226.7, except that Plaintiffs do not seek any premium wages to the extent that they were denied a required meal period while transporting hazardous materials.

**SECOND CAUSE OF ACTION**

**FAILURE TO PROVIDE REST PERIODS**

**(Lab. Code §§ 226.7 and 1198)**

**(By Plaintiffs and the Plaintiff Class against all Defendants)**

30.     Plaintiffs incorporate all paragraphs of the Complaint as if fully alleged herein.

31.     At all relevant times during the applicable limitations period, Plaintiff and the class have been non-exempt employees of Defendants and entitled to the benefits and protections of California Labor Code §§ 226.7, 1198, and the Wage Order.

32.     Labor Code § 1198 states,

> "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

33.     In relevant part, Section 12 of the Wage Order states

> "Rest Periods:
>
> (A)     Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate often (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.
>
> (B)     If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that

7

*Valiente, et al. vs. Swift Transportation Co. of Arizona, LLC, et al.*                    Class Action Complaint

EXHIBIT 1
PAGE 041

the rest period is not provided."

34.    In addition, Labor Code Section 226.7 states:

> (b) An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health.

> (c) If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

35.    Pursuant to the Wage Order, Plaintiffs and the **Plaintiff Class** members were entitled to be provided with net rest breaks of at least ten minutes for each four hour period of work, or major fraction thereof.

36.    Defendants failed to provide Plaintiffs with all required rest breaks in accordance with the Wage Order. Plaintiffs are informed and believe and thereon allege that, at relevant times within the applicable limitations period, Defendants had a policy, practice, or a lack of a policy which resulted in Defendants not providing Plaintiff and **Plaintiff Class** members with all rest breaks required by California law.

37.    Defendants failed to pay Plaintiffs the additional wages required by California Labor Code § 226.7 for workdays in which one or more rest breaks were not provided to him. Plaintiff is informed and believes and thereon alleges that, at relevant times within the applicable limitations period, Defendants have maintained a policy, practice, or a lack of a policy which resulted in Defendants not providing the **Plaintiff Class** members with additional wages for all workdays on which one or more rest breaks were not provided to each of them as required by California Labor Code § 226.7.

38.    As a result of Defendants' unlawful conduct, Plaintiffs and the **Plaintiff Class** members have suffered damages in amounts subject to proof to the extent they were not paid additional wages owed for all rest breaks not provided to them.

8

*Valiente, et al. vs. Swift Transportation Co. of Arizona, LLC, et al.*      Class Action Complaint

EXHIBIT 1
PAGE 042

39.     By reason of the above, Plaintiffs and the **Plaintiff Class** members are entitled to premium wages for workdays in which one or more rest breaks were not provided to them pursuant to California Labor Code § 226.7, except that Plaintiffs do not seek any premium wages to the extent that they were denied a required rest break while transporting hazardous materials.

**THIRD CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS**

**(Lab. Code § 226)**

**(By Plaintiffs and the Wage Statement Penalties Subclass against all Defendants)**

40.     Plaintiffs incorporate all paragraphs of the Complaint as if fully alleged herein.

41.     At all relevant times during the applicable limitations period, Plaintiffs and the class have been employees of Defendants and entitled to the benefits and protections of California Labor Code § 226.

42.     Pursuant to California Labor Code § 226(a), Plaintiffs and the **Wage Statement Penalties Subclass** have been entitled to receive, semimonthly or at the time of each payment of wages, an accurate itemized statement showing, among other things: a) gross wages earned; b) net wages earned; c) all applicable wage rates in effect during the pay period; and d) the corresponding number of hours worked at each hourly rate by the employee.

43.     Pursuant to California Labor Code § 226(e), an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorneys' fees.

44.     Pursuant to California Labor Code § 226(e), an employee is deemed to suffer injury if the employer fails to provide a wage statement. Also, an employee is deemed to suffer injury if the employer fails to provide accurate and complete information as required by California Labor Code § 226(a) and the employee cannot "promptly and easily determine" from the wage statement alone one or more of the following:

A.     The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage

9

---

EXHIBIT 1
PAGE 043

statement pursuant to California Labor Code § 226(a);

B.     Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period;

C.     The name and address of the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682 of the California Labor Code, the name and address of the legal entity that secured the services of the employer during the pay period; and

D.     The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number.

45.     "Promptly and easily determine," as stated in California Labor Code § 226(e), means a reasonable person would be able to readily ascertain the information without reference to other documents or information.

46.     As alleged herein, Defendants failed to provide Plaintiffs and the **Wage Statement Penalties Subclass** all wages owed, including but not limited to, premium wages for unprovided rest and meal periods. As a result, Defendants have failed to properly and accurately itemize each employee's gross wages gross and net wages earned, and other requirements of California Labor Code § 226. As a result, Defendants have violated California Labor Code § 226.

47.     Defendants' failure to provide Plaintiffs and the **Wage Statement Penalties Subclass** members with accurate wage statements was knowing and intentional. Defendants had the ability to provide Plaintiffs and the **Wage Statement Penalties Subclass** members with accurate wage statements but intentionally provided wage statements that Defendants knew were not accurate.

48.     As a result of being provided with inaccurate wage statements by Defendants, Plaintiffs and the **Wage Statement Penalties Subclass** members have suffered injury. Their legal rights to receive accurate wage statements were violated and they were misled about the amount of wages they had actually earned and were owed. In addition, the absence of accurate information on their wage statements prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amounts of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records and/or has led to the submission of inaccurate information about wages to state and

10

---

EXHIBIT 1
PAGE 044

federal government agencies. Further, Plaintiffs and the **Wage Statement Penalties Subclass** members were not able to ascertain from the wage statements whether Defendants complied with their obligations under California Labor Code § 226(a).

49.     Pursuant to California Labor Code § 226(e), Plaintiffs and the **Wage Statement Penalties Subclass** are entitled to recover the greater of actual damages, or penalties of fifty dollars ($50) for the initial pay period in which a violation of California Labor Code § 226(a) occurred and one hundred dollars for each violation of California Labor Code § 226(a) in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000) per class member, and are also entitled to an award of costs and reasonable attorneys' fees.

<u>FOURTH CAUSE OF ACTION</u>

**WAITING TIME PENALTIES**

**(Lab. Code §§ 201-203)**

**(By Plaintiffs and the Former Employee Subclass against all Defendants)**

50.     Plaintiffs incorporate all paragraphs of the Complaint as if fully alleged herein.

51.     At all relevant times during the applicable limitations period, Plaintiff and the class have been non-exempt employees of Defendants and entitled to the benefits and protections of California Labor Code §§ 201-203, and the Wage Order.

52.     California Labor Code § 201 provides that all earned and unpaid wages of an employee who is discharged are due and payable immediately at the time of discharge.

53.     California Labor Code § 202 provides that all earned and unpaid wages of an employee who quits after providing at least 72-hours notice before quitting are due and payable at the time of quitting and that all earned and unpaid wages of an employee who quits without providing at least 72-hours notice before quitting are due and payable within 72 hours.

54.     By failing to pay earned premium wages to Plaintiffs and the **Former Employee Subclass** members, Defendants failed to timely pay them all earned and unpaid wages in violation of California Labor Code § 201 or § 202.

55.     Plaintiffs are informed and believe and thereon allege that Defendants' failures to timely pay all earned and unpaid wages to them and the **Former Employee Subclass** members have been willful in that Defendants have the ability to pay earned wages in accordance with California Labor Code §§ 201 and 202 but have intentionally adopted policies or practice that are incompatible with those requirements.

11

*Valiente, et al. vs. Swift Transportation Co. of Arizona, LLC, et al.*                                    Class Action Complaint

EXHIBIT 1
PAGE 045

56.     California Labor Code § 203 provides that the wages of an employee continue on a daily basis as a penalty for up to 30 days where an employer willfully fails to timely pay earned and unpaid wages to the employee in accordance with California Labor Code § 201 or § 202.

57.     Plaintiffs are informed and believe and thereon allege that Defendants' failures to timely pay Plaintiffs and the **Former Employee Subclass** members all of their earned and unpaid wages have been willful in that, at all relevant times, Defendants have deliberately maintained policies and practices that violate the requirements of the California Labor Code and the Wage Order even though, at all relevant times, they have had the ability to comply with those legal requirements.

58.     Pursuant to California Labor Code § 203, Plaintiffs seek waiting time penalties on behalf of themselves and the **Former Employee Subclass** members, in amounts subject to proof not to exceed 30 days of waiting time penalties for each subclass member.

**FIFTH CAUSE OF ACTION**

**UNFAIR COMPETITION**

**(Bus. & Prof. Code §§ 17200, *et seq.*)**

**(By Plaintiffs and the Plaintiff Class against all Defendants)**

59.     Plaintiffs incorporate all paragraphs of the Complaint as if fully alleged herein.

60.     At all relevant times during the applicable limitations period, Plaintiffs and the **Plaintiff Class** members have been employees of Defendants and entitled to the benefits and protections of California Business and Professions Code § 17200 *et seq.*

61.     The unlawful conduct of Defendants alleged herein amounts to and constitutes unfair competition within the meaning of California Business & Professions Code §§ 17200, *et seq.* Due to their unfair and unlawful business practices alleged herein, Defendants have unfairly gained a competitive advantage over other comparable companies doing business in California that comply with their legal obligations to compensate employees for all earned wages and reimburse them for all expenses.

62.     As a result of Defendants' unfair competition as alleged herein, Plaintiff and the class have suffered injuries in fact and lost money or property. Plaintiff and the **Plaintiff Class** members were deprived of premium wages for all rest and meal periods not provided to them.

63.     Pursuant to California Business & Professions Code § 17203, Plaintiffs and the

12

EXHIBIT 1
PAGE 046

Plaintiff Class members are entitled to restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of their unlawful and unfair business practices.

64. Plaintiffs and the **Plaintiff Class** members are entitled to reasonable attorneys' fees in connection with their unfair competition claims pursuant to California Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

**SIXTH CAUSE OF ACTION**

**CIVIL PENALTIES**

**(By Plaintiffs Against All Defendants)**

65. Plaintiffs incorporate all paragraphs of the Complaint as if fully alleged herein.

66. Labor Code §§ 2699(a) and (g) authorize an aggrieved employee, on behalf of herself and other current and former employees, to bring a representative civil action to recover civil penalties pursuant to the procedures specified in Labor Code § 2699.3.

67. Plaintiffs, as employees against whom Defendants have committed one or more alleged violations of the Labor Code during the applicable limitations period, are "aggrieved employees" within the meaning of Labor Code § 2699(c).

68. During the applicable limitations period, Defendants have violated Labor Code §§ 201, 202, 203, 204, 226(a), 226.7, 512, and 1198.

69. Pursuant to Labor Code §§ 2699(a) and (f), Plaintiffs, on behalf of themselves and other aggrieved employees, seek the following civil penalties for Defendants violations of Labor Code §§ 201, 202, 203, 204, 226(a), 226.7, 512, and 1198.

    A. For violations of Labor Code sections 201, 202, 203, 226, and 226.7, $100 for each employee per pay period for each initial violation and $200 for each employee per pay period for each subsequent violation (penalties set by Labor Code section 2699(f)(2));

    B. For violations of Labor Code § 204, $100 for each employee for each initial violation, and $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation (penalties set by Labor Code § 210); **and**

13

---

*Valiente, et al. vs. Swift Transportation Co. of Arizona, LLC, et al.*                      Class Action Complaint

EXHIBIT 1
PAGE 047

C. For violations of Labor Code §§ 512 and 1198, $50 for each employee per pay period for each initial violation and $50 for each employee per pay period for each subsequent violation, plus the amount of unpaid wages (penalties set by Labor Code section 558).

70. Plaintiffs have complied with the procedures for bringing suit set forth in Labor Code § 2699.3. By letter dated March 15, 2018 and May 7, 2018, Plaintiffs gave written notice via certified mail to the Labor and Workforce Development Agency ("LWDA") and Defendants of the specific provisions of the Labor Code that they allege to have been violated, including the facts and theories to support the alleged violations. More than 65 days have passed since the mailing of Plaintiff's letter without the LWDA informing her that it intends to investigate the violations of the Labor Code she has alleged.

71. Pursuant to Labor Code § 2699(g)(1), Plaintiffs seek awards of reasonable costs and attorneys' fees in connection with their claims for civil penalties.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, prays for relief and judgment against Defendants as follows:

    A. An order that the action be certified as a class action;

    B. An order that Plaintiff be appointed class representative;

    C. An order that counsel for Plaintiff be appointed class counsel;

    D. Unpaid Wages;

    E. Actual Damages;

    F. Statutory Damages;

    G. Liquidated Damages;

    H. Restitution;

    I. Declaratory and injunctive relief;

    J. Equitable relief;

    K. Pre-judgment interest;

    L. Statutory penalties;

    M. Civil penalties

    N. Costs of suit;

*Valiente, et al. vs. Swift Transportation Co. of Arizona, LLC, et al.*

Class Action Complaint

EXHIBIT 1
PAGE 048

O.  Interest;

P.  Reasonable attorneys' fees; and

Q.  Such other relief as the Court deems just and proper.

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiffs, on behalf of themselves and all others similarly situated, hereby demands a jury trial on all issues so triable.

Respectfully submitted,

LAW OFFICES OF LOUIS BENOWITZ
THE LAW OFFICE OF JOSHUA COHEN SLATKIN

Dated: October 16, 2018

By *Joshua Cohen Slatkin*
_____
JOSHUA COHEN SLATKIN
LOUIS BENOWITZ
Attorneys for Plaintiffs
JOHEL VALIENTE and ASHRAF AIAD

15

*Valiente, et al. vs. Swift Transportation Co. of Arizona, LLC, et al.*

Class Action Complaint

EXHIBIT 1
PAGE 049