UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **2:19-cv-04217-VAP-KKx** | Date | January 22, 2021 |
| Title | *Johel Valiente et al v. Swift Transportation Co. of Arizona, LLC, et al.* | | |

Present: The Honorable    VIRGINIA A. PHILLIPS, UNITED STATES DISTRICT JUDGE

| CHRISTINE CHUNG | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):     Attorney(s) Present for Defendant(s):

None Present                                                None Present

**Proceedings:    MINUTE ORDER DENYING MOTION FOR RECONSIDERATION [DKT. 34] (IN CHAMBERS)**

Before the Court is Defendant Swift Transportation Co. of Arizona, LLC's Motion for Reconsideration. (Dkt. 34, "Motion"). After considering all the papers filed in support of, and in opposition to, the Motion, the Court deems this matter appropriate for resolution without a hearing pursuant to Local Rule 7-15. The Court DENIES the Motion.

**I.     Background**

As the parties are familiar with the facts and procedural history of the case, the Court imparts the facts pertinent to the instant Motion. Plaintiffs are former hourly truck drivers for Defendant. On October 16, 2018, Plaintiffs filed suit against Defendant for alleged violations of California's meal and rest break rules.

On March 9, 2020, Defendant filed a Motion for Judgment on the Pleadings arguing, among other things, that Plaintiffs' claims arising from California's meal and rest break laws are preempted by regulations promulgated by the Federal Motor Carrier Safety Administration ("FMCSA"). (Dkt. 27). The Court denied the Motion because the FMCSA's hours of service regulations

expressly apply only to drivers operating in interstate commerce and the Complaint states that each Plaintiff "worked for [Defendant] as an hourly truck driver *in California*." (Dkt. 32). The Court noted that "[o]n a motion for judgment on the pleadings, the Court may not go 'beyond the pleadings to resolve an issue…' [and] [n]either the Complaint nor any properly considered filing (such as one the Court may judicially notice) provides for a basis for the Court to conclude the FMCSA's regulations apply to the jobs performed by Plaintiffs…." (*Id.*)

Defendant now argues in its Motion that it has discovered new evidence, i.e., alleged admissions in Plaintiff's discovery responses, to support its theory that Plaintiffs participated in interstate commerce. (Dkt. 34-1).

## II. Discussion

"A 'motion for reconsideration' is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) if it is filed within [28] days of entry of judgment. Otherwise it is treated as a Rule 60(b) motion for relief from a judgment or order." *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001); *see* Fed R. Civ. P. 59(e). The instant Motion was filed on December 28, 2020, more than 28 days after the Court's Order Denying Defendant's Motion for Judgment on the Pleadings was entered. (Dkt. 34). Accordingly, the Court will consider the Motion under Rule 60(b).

Rule 60(b) provides for relief from judgment upon a showing of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. *See* Fed. R. Civ. P. 60(b).

Local Rule 7-18 states that a motion for reconsideration may only be brought on the following grounds: "(a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision." "Local Rule 7-18 does not narrow the Rule(60)(b) grounds or the factors, but rather provides additional guidance for applying them." *City of Indio v. Solomon*, No. EDCV 11-01982-VAP(OPx), 2012 U.S. Dist. LEXIS 196137, 2012 WL 12888855, at *6 (C.D. Cal. Aug. 1, 2012).

Here, Defendant argues that new evidence supports an alternate result on its Motion for Judgment on the Pleadings. The Court disagrees.

Judgment on the pleadings is improper if the Court is required to go "beyond the pleadings to resolve an issue." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990). The Court may only consider evidence that is attached to the Complaint or is properly subject to judicial notice. *See Summit Media LLC v. City of L.A.*, 530 F. Supp. 2d 1084, 1096 (C.D. Cal. 2008); *see Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988).

Defendant asks the Court to take judicial notice of its requests for admission and Plaintiffs' responses thereto. (Dkt. 35). "The Court may take judicial notice of facts that are 'not subject to reasonable dispute' and 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.' Fed. R. Evid. 201(b)(2). Those sources generally include public records, *see Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001), and court records, *see United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980). Discovery responses do not fall into either category." *Germuhendislik Taahüt Proje v. Mems Precision Tech., Inc.*, CV 13-5019 PSG (PJWx), 2014 U.S. Dist. LEXIS 197680, *6-7 (C.D. Cal. May 13, 2014); *see Perez v. DNC Parks & Resorts at Sequoia*, No. 1:19-cv-00484-DAD-SAB, 2020 U.S. Dist. LEXIS 134590, *5 (E.D. Cal. Jul. 29, 2020) (denying request to take judicial notice of discovery responses because "discovery responses—even party admissions—are inherently subject to reasonable dispute and do not come from 'sources whose accuracy cannot reasonably be questioned.'"); *see also Gwin v. Target Corp.*, No. 12-05995 JCS, 2013 U.S. Dist. LEXIS 139891, *20-21, 36 I.E.R. Cas. (BNA) 1351, 2013 WL 5424711 (N.D. Cal. Sep. 27, 2013) ("Target has cited no authority that suggests that it is appropriate to interpret the allegations in the complaint with reference to a party's responses to contention interrogatories when deciding whether to grant a motion for judgment on the pleadings under Rule 12(c)."); *Pooley v. National Hole-In-One Ass'n*, 89 F. Supp. 2d 1108, 1110, 2000 U.S. Dist. LEXIS 3775, *2-3 (D. Ariz. Feb. 22, 2000) ("both parties submit materials that go beyond the Complaint. Plaintiff attaches the entirety of his deposition testimony, as well as Defendant's discovery responses. The Court will not consider the extra-pleading material submitted by the Plaintiff. The Court will consider only the factual allegations set out in the Complaint and will treat the present Motion as one to dismiss and not as a motion for summary judgment.").

Defendant has failed to cite any applicable authority to support its argument. Indeed, Defendant cites a Sixth Circuit case and a California state court decision, neither of which is binding on this Court. Moreover, the only

federal decision Defendant cites from a court in this circuit is unpersuasive. In *Covert v. City of San Diego.*, the Court took judicial notice of a request for admission in deciding a motion to dismiss because "it is a document produced and relied on by the Court." No. 15CV2097 AJB (WVG), 2017 WL 1094020, at *4 (S.D. Cal. Mar. 23, 2017). Here, the request for admission is neither in the Court's file nor on the public record; this case is therefore inapplicable. Moreover, discovery responses, even if filed on the court docket, cannot be judicially noticed for the truth of the matter asserted because they are subject to reasonable dispute. *See Germuhendislik*, 2014 U.S. Dist. LEXIS 197680, *6-7 ("The Court may take judicial notice of facts that are 'not subject to reasonable dispute' and 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.' Fed. R. Evid. 201(b)(2). Those sources generally include public records … and court records. Discovery responses do not fall into either category.") (citations omitted). Defendant relies on no other authority to support its request and the case law rejects its theory.

The Court therefore DENIES Defendant's Request for Judicial Notice. As a result, the Motion is DENIED as the discovery responses are the only new alleged evidence supporting Defendant's Motion for Reconsideration. For this reason, the Court need not address Defendant's preemption arguments. The court nevertheless ORDERS the parties to brief the effect of the Ninth Circuit's January 15, 2021 opinion in *International Brotherhood of Teamsters, Local 2785, et al. v. Federal Motor Carrier Safety Administration, et al*. on this case. The parties shall respond no later than February 1, 2021.

**IT IS SO ORDERED.**