1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
2   Including Professional Corporations
   PAUL S. COWIE, Cal. Bar No. 250131
3  ROBERT MUSSIG Cal. Bar No. 240369
   JOHN D. ELLIS, Cal. Bar No. 269221
4  Four Embarcadero Center, 17th Floor
   San Francisco, California 94111-4109
5  Telephone:    415.434.9100
   Facsimile:    415.434.3947
6  Email: pcowie@sheppardmullin.com
               rmussig@sheppardmullin.com
7              jellis@sheppardmullin.com

8  Attorneys for Defendant
   SWIFT TRANSPORTATION CO. OF ARIZONA,
9  LLC

10

11              UNITED STATES DISTRICT COURT

12         FOR THE CENTRAL DISTRICT OF CALIFORNIA

13 JOHEL VALIENTE and ASHRAF AIAD,        Case No. 2:19-cv-04217-VAP-KKx
   individuals, on behalf of themselves and all
14 other similarly situated,               **DEFENDANT'S BRIEF RE**
                                           **INTERNATIONAL BROTHERHOOD OF**
15                    Plaintiff,           **TEAMSTERS, LOCAL 2785, ET AL. V.**
                                           **FEDERAL MOTOR CARRIER SAFETY**
16         v.                              **ADMINISTRATION, ET AL.**

17 SWIFT TRANSPORTATION CO. OF             Complaint Filed:  October 16, 2018
   ARIZONA, LLC, a Delaware limited liability  Trial Date: None Set
18 company, AND DOES 1 through 50,
   inclusive,
19                                         Dept:          8A
                      Defendants          Judge:       Hon. Virginia Phillips
20

21

22

23

24

1

2

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...................................................................................................................1

II. FACTS AND PROCEDURAL BACKGROUND ...................................................................1

    A.    The Pleadings ...................................................................................................1

    B.    The FMCSA Preemption Determination ........................................................2

    C.    Plaintiffs' Admissions ......................................................................................3

    D.    Swift's Motion for Judgment on the Pleadings and Motion for Reconsideration ..............3

III. ARGUMENT .........................................................................................................................4

    A.    Plaintiffs' Admissions Establish that the Preemption Determination Applies to Their Claims ...........4

    B.    The Preemption Determination is Lawful Under *International Brotherhood of Teamsters* ...............6

    C.    The Preemption Determination Applies to Claims Arising Prior to Its Issuance ...............9

IV. CONCLUSION .....................................................................................................................11

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

SMRH:4848-3148-9497.2

Case No. 2:19-cv-04217-VAP-KKx

DEFENDANT'S BRIEF RE IBT V. FMCSA

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

<u>Federal Cases</u>

*Ayala v. U.S Xpress Enterprises, Inc.*
   2019 WL 1986760 (C.D. Cal. 2019)...........................................................................7, 9, 10

*Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*
   467 U.S. 837 (1984)..............................................................................................................7

*Christensen v. Harris County*
   529 U.S. 576 (2000)............................................................................................................10

*City of Columbus v. Ours Garage & Wrecker Serv.*
   536 U.S. 424 (2002)............................................................................................................11

*Connell v. Heartland Express, Inc.*
   2020 WL 813022 (C.D. Cal. 2020).............................................................................6, 7, 9, 10

*Dilts v. Penske Logistics, LLC*
   769 F.3d 637 (9th Cir. 2014) ...............................................................................................7

*Faulkner v. Fed'n of Preschool & Cmty. Ed. Centers, Inc.*
   564 F.2d 327 (9th Cir. 1977) ...............................................................................................5

*Gundy v. United States*
   139 S. Ct. 2116 (2019).......................................................................................................8, 9

*Hampton Tree Farms, Inc. v. Yeutter*
   956 F.2d 869 (9th Cir. 1992) .............................................................................................11

*Henry v. Cent. Freight Lines, Inc.*
   2019 WL 2465330 (E.D. Cal. 2019).....................................................................................7

*Holmes v. Helms*
   705 F.2d 343 (9th Cir. 1983) ...............................................................................................8

*International Brotherhood of Teamsters, Local 2785, et al. v. Federal Motor Carrier*
   *Safety Administration, et al.*
   Case Nos. 18-73488, 19-70323, 19-70329 and 19-70413,
   —F.3d —, 2021 WL 139728 (9th. Cir. Jan. 15, 2021).............................................. *passim*

*J.W. Hampton, Jr., & Co. v. United States*
   276 U.S. 394 (1928).............................................................................................................8

*Keating v. Fed. Aviation Admin.*
   610 F.2d 611 (9th Cir. 1979) ...............................................................................................8

SMRH:4848-3148-9497.2                                        DEFENDANT'S BRIEF RE IBT V. FMCSA

*Landgraf v. Usi Film Prods.*
  511 U.S. 244 (1994) .................................................................................9

*Mistretta v. United States*
  488 U.S. 361 (1989) .................................................................................8

*Nash v. Horizon Freight Sys., Inc.*
  2020 WL 4284820 (N.D. Cal. 2020) ...................................................7, 9, 11

*North v. Superior Hauling & Fast Transit, Inc.*
  2019 WL 6792816 (C.D. Cal. 2019) ......................................................7, 11

*Portsmouth Square Inc. v. Shareholders Protective Comm.*
  770 F.2d 866 (9th Cir. 1985) .............................................................1, 4, 12

*Reich v. Am. Driver Serv., Inc.*
  33 F.3d 1153 (9th Cir. 1994) ...................................................................6

*Robinson v. Chefs' Warehouse, Inc.*
  2019 WL 4278926 (N.D. Cal. 2019) ...................................................7, 9, 10

*Sales v. United Rd. Servs., Inc.*
  2020 WL 4035072 (N.D. Cal. 2020) ...................................................6, 9, 10

*Skidmore v. Swift & Co.*
  323 U.S. 134 (1944) ..............................................................................10

*United States v. Backlund*
  689 F.3d 986 (9th Cir. 2012) ...................................................................6

*Vigil v. Leavitt*
  381 F.3d 826 (9th Cir. 2004) ..................................................................10

Federal: Statutes, Rules, Regulations, Constitutional Provisions

49 C.F.R.
  § 1.87(f) ...........................................................................................4
  § 390.5T ........................................................................................5, 6
  § 395.1(a)(1) .....................................................................................5

46 FR
  37902-02 ...........................................................................................6

49 U.S.C.
    § 113(f)..............................................................................................................4
    § 31136.........................................................................................................5, 8
    § 31141............................................................................................... *passim*
    § 31141(a).......................................................................................4, 6, 10, 11
    § 31141(c)..........................................................................................................8
    § 31141(f)..........................................................................................................7
    § 31141(f)(1)..................................................................................................2, 6

Federal Rules of Civil Procedure
    Rule 12.............................................................................................................1
    Rule 12(c)......................................................................................................3, 4
    Rule 36..........................................................................................................3, 5
    Rule 36(b).........................................................................................................5
    Rule 56(c)(1)(A)......................................................................................1, 4, 12
    Rule 56(e).........................................................................................................5

<u>State: Statutes, Rules, Regulations, Constitutional Provisions</u>

Cal. Business & Professions Code
    § 17200, *et seq.* .............................................................................................2

Cal. Labor Code
    §§ 201-203......................................................................................................2
    § 226................................................................................................................1
    § 226.7....................................................................................................1, 2, 10
    § 512..........................................................................................................1, 10
    § 1198.............................................................................................................1

SMRH:4848-3148-9497.2
Case No. 2:19-cv-04217-VAP-KKx
DEFENDANT'S BRIEF RE IBT V. FMCSA

# I. INTRODUCTION

Pursuant to the Court's January 22, 2021 order, Defendant Swift Transportation Co. of Arizona, LLC ("Swift") hereby submits this brief regarding the impact of *International Brotherhood of Teamsters, Local 2785, et al. v. Federal Motor Carrier Safety Administration, et al.*, Case Nos. 18-73488, 19-70323, 19-70329 and 19-70413, ―F.3d ―, 2021 WL 139728 (9th. Cir. Jan. 15, 2021) on this case. *International Brotherhood of Teamster* upheld the Federal Motor Carrier Safety Administration's ("FMCSA") December 21, 2018 determination preempting California meal and rest period laws as to truck drivers subject to the agency's hours of service regulations (the "Preemption Determination"). In doing so, the Ninth Circuit rejected the arguments that Plaintiffs have put forth against the validity of the Preemption Determination in this case.

For the reasons set forth below, the Preemption Determination and *International Brotherhood of Teamster* is dispositive as to all of Plaintiffs Johel Valiente and Ashraf Aiad's ("Plaintiffs") claims for relief. Swift is therefore entitled to judgment as a matter of law and intends to move for summary judgment. Alternatively, the Court may *sua sponte* grant summary judgment in Swift's favor because the evidence necessary to establish the applicability of the Preemption Determination to Plaintiffs' claims as a matter of law (specifically, Plaintiffs' responses to Swift's requests for admission) is in the record and not subject to dispute.[1] *See Portsmouth Square Inc. v. Shareholders Protective Comm.*, 770 F.2d 866, 869 (9th Cir. 1985) ("[A] district court may issue summary judgment on its own motion…We have also allowed summary judgment where a district court, on its own initiative, converted a Rule 12 motion to dismiss into a summary judgment motion…"); *see also* Fed. R. Civ. P. 56(c)(1)(A) (summary judgment may be based on "materials in the record, including… admissions").

# II. FACTS AND PROCEDURAL BACKGROUND

## A.     The Pleadings

Plaintiffs' Complaint alleges six claims for relief, each arising from California state law: (1) Failure to Provide Meal Periods (Lab. Code §§ 226.7, 512 and 1198); (2) Failure to Provide Rest Periods (Lab. Code §§ 226.7 and 1198); (3) Failure to Provide Accurate Written Wage Statements (Lab. Code §

---

[1] By suggesting that the Court may grant summary judgment *sua sponte* on the basis of the materials already in the record, Swift is not moving for summary judgment for purposes of the Court's standing order restricting parties to one motion for summary judgment per case.

226); (4) Waiting Time Penalties (Lab. Code §§ 201-203); (5) Unfair Competition (Bus. & Prof. Code §§ 17200, *et seq.*); and (6) Civil Penalties under PAGA.  Dkt. 1-1, ¶¶ 19-71.  Plaintiffs' third through sixth causes of action are completely derivative of the allegations in the first two causes of action that Swift allegedly failed to provide meal and rest periods in accordance with California law.  *Id.* ¶¶ 40-71. All of Plaintiffs' claims are therefore dependent on California's meal and rest period laws.

Swift filed an Answer to Plaintiffs' Complaint in state court on May 16, 2019.  Dkt. 1-13. Swift's Answer asserted as its Thirty-Ninth Affirmative Defense that Plaintiffs' claims are preempted by 49 U.S.C. § 31141 and the Preemption Determination.  *Id.* ¶ 39.

**B.    The FMCSA Preemption Determination**

On December 21, 2018, the FMCSA exercised its authority under 49 U.S.C. § 31141 to preempt California's meal and rest break rules as applied to drivers subject to hours of service regulation by the agency.  Dkt. 27-3 at 4-43.  In a detailed, reasoned order, the FMCSA found that California's meal and rest break rules are "on commercial motor vehicle safety" and are both "in addition to" and "more stringent" than the FMCSA's own safety regulations.  *Id.* at 16-43.  Thus, the FMCSA concluded that California's meal and rest break rules, including Cal. Labor Code § 226.7 and IWC Wage Order 9, "may no longer be enforced" as to drivers subject to the FMCSA's hours of service rules.  *Id.* at 6-9, 32-43.

On March 22, 2019, the FMCSA issued a clarifying letter stating that its Preemption Determination is applicable to all claims arising out of California's meal and rest break rules in pending litigation, regardless of whether the acts complained of occurred before or after the date of the determination.  Dkt. 27-3 at 45-48.

Several unions, individuals, and the California Labor Commissioner filed petitions for review of the FMCSA's Preemption Determination in the Ninth Circuit pursuant to 49 U.S.C. § 31141(f)(1). Ninth Cir. Case Nos. Case Nos. 18-73488, 19-70323, 19-70329 and 19-70413.  The Ninth Circuit denied the petitions in *International Brotherhood of Teamsters* and upheld the legal validity of the Preemption Determination.[2]  2021 WL 139728, Dkt 38-1.

---

[2] *International Brotherhood of Teamsters* is certified for publication, but has not yet been assigned a volume or page number in the Federal Reporter.  2021 WL 139728, Dkt 38-1.

**C.      Plaintiffs' Admissions**

On September 29, 2020, Swift served Plaintiffs with requests for admission under Fed. R. Civ. P. 36.  Dkt. 35, Exhs. 1-2.  Swift's requests for admission asked Plaintiffs to admit that they were subject to the FMCSA's hours of service regulations and drove commercial vehicles in interstate commerce (as defined by the FMCSA) each day they worked more than the minimum amount to be entitled to a California meal or rest break, and during each workweek, while employed by Swift.  *Id.*  Plaintiffs served their responses on November 9, 2020, in which they admitted that they were "subject to the Hours of Service regulations of the Federal Motor Carrier Safety Administration at relevant times during [their] employment with" Swift and that they "operated a property-carrying commercial motor vehicle in the scope of [their] employment at relevant times during [their] employment with" Swift.  Dkt 35, Exhs. 3-4.

**D.      Swift's Motion for Judgment on the Pleadings and Motion for Reconsideration**

On March 9, 2020, Swift filed a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c).  Dkt. 27.  Swift's motion argued that each of Plaintiffs' claims for relief are preempted by the Preemption Determination, because each claim arises from or is dependent on California's meal and rest break laws.  Dkt. 27-1 at 12-24.

Plaintiffs' opposition to Swift's motion argued that the Preemption Determination is unlawful and exceeds the FMCSA's statutory authority.  Dkt. 28 at 15-25.  Plaintiffs further argued that the Preemption Determination does not apply to claims that arose prior to its issuance.  *Id.* at 12-14.  Critically, Plaintiffs never contested that they drove property-carrying commercial motor vehicles for Swift in interstate commerce or that they were at all relevant times subject to the FMCSA's hours of service regulations.  Dkt. 28.

On April 24, 2020, the Court denied Swift's motion for judgment on the pleadings.  Dkt. 32.  Despite Plaintiffs' silence on the issue, the Court found that it did not appear from the face of the complaint or judicially noticeable facts that Plaintiffs were subject to the FMCSA's hours of service regulations.  *Id.*

On December 28, 2020, Swift filed a motion for reconsideration of the order denying its motion for judgment on the pleadings.  Dkt. 34.  Swift requested judicial notice of Plaintiff's responses to

Swift's requests for admission, wherein Plaintiffs admitted that Plaintiffs drove property carrying commercial motor vehicles and were subject to the FMCSA's hours of service regulations in the course of their employment with Swift.  Dkt. 35-36.  Plaintiffs' opposition again did not dispute that they were subject to the FMCSA's hours of service regulations, and Plaintiffs did not oppose Swift's request for judicial notice.  Dkt. 36.

The Court denied Swift's motion for reconsideration on January 22, 2021.  Dkt. 40.  The Court found that Plaintiffs' responses to Swift's requests for admission were not subject to judicial notice, and therefore the applicability of the FMCSA preemption determination was still not apparent from the face of the pleadings and judicially noticeable materials.  *Id.*  In the same order, the Court requested that the parties brief the effect of *International Brotherhood of Teamsters* on this case by February 1, 2021.[3]  *Id.*

### III. ARGUMENT

*International Brotherhood of Teamsters* and the Preemption Determination are dispositive as to each of Plaintiffs' claims for relief.  Swift therefore intends to move for summary judgment.  As an alternative, the Court may grant summary judgment to Swift *sua sponte* based on the admissions that are in record from Swift's motion for reconsideration of the Court's order denying Swift's motion for judgment on the pleadings.  *Portsmouth Square*, 770 F.2d at 869; Fed. R. Civ. P. 56(c)(1)(A).  Importantly, Plaintiffs have not contested these facts in their opposition papers.

**A.    Plaintiffs' Admissions Establish that the Preemption Determination Applies to Their Claims**

49 U.S.C. § 31141(a) provides that "[a] State may not enforce a State law or regulation on commercial motor vehicle safety that the Secretary of Transportation decides under this section may not be enforced."[4]  Dkt. 27-1 at 12-13.  The Preemption Determination issued on December 21, 2018 found that California's meal and rest break rules are laws or regulations "on commercial motor vehicle safety" as applied to drivers of property-carrying commercial motor vehicles subject to the federal hours of

---

[3] *International Brotherhood of Teamsters* was identified by Swift in a notice of new authority filed on January 15, 2021.  Dkt. 38.

[4] Pursuant to 49 C.F.R. § 1.87(f), the Secretary of Transportation delegated its authority to make 49 U.S.C. § 31141 determinations to the FMCSA.  *See also* 49 U.S.C. § 113(f) (authorizing the FMCSA to "carry out…duties and powers related to motor carriers or motor carrier safety vested in the Secretary…").

1  service regulations promulgated under 49 U.S.C. § 31136.  Dkt. 27-3 at 4-43.  The Preemption

2  Determination further concluded that the conditions set forth for preemption in § 31141 were satisfied.

3  *Id.* at 16-43.  The FMCSA concluded: "FMCSA…determines that the [California meal and rest break]

4  Rules are preempted pursuant to 49 U.S.C. § 31141.  California may no longer enforce the [meal and

5  rest break] Rules with respect to drivers of property-carrying [commercial motor vehicle]'s subject to

   FMCSA's [hours of service] rules."  *Id.* at 43.

6          Plaintiffs have never disputed that if the Preemption Determination is lawful and applies to

7  conduct predating its issuance, it would preempt all of their claims.  Both Plaintiffs served responses to

8  requests for admission in which they admit that they were "subject to the Hours of Service regulations of

9  the Federal Motor Carrier Safety Administration at relevant times during [their] employment" and that

10 they "operated a property-carrying commercial motor vehicle in the scope of [their] employment at

11 relevant times during [their] employment…"[5]  Dkt. 35, Exhs. 3-4.  These responses were attached to

12 Swift's request for judicial notice in support of its motion for reconsideration of the Court's denial of

13 Swift's motion for judgment on the pleadings, and Plaintiffs did not dispute their authenticity or that

14 they were fatal to Plaintiffs' claims if the Preemption Determination is valid.  Dkt. 36; *see Faulkner v.*

15 *Fed'n of Preschool & Cmty. Ed. Centers, Inc.*, 564 F.2d 327, 328 (9th Cir. 1977) ("Affidavits and

16 documents not in compliance with Rule 56(e) may nonetheless be considered by the trial court and will

17 support a judgment in the absence of an objection by counsel.").  Indeed, under Fed. R. Civ. P. 36(b),"

18 [a] matter admitted under this rule is conclusively established," and the Advisory Committee Notes to

   the amendment adding subsection (b) to Rule 36 states "a Rule 36 admission is comparable to an

   admission in pleadings or a stipulation drafted by counsel for use at trial, rather than to an evidentiary

---

[5] Swift's requests for admission defined "commercial motor vehicle" to have the same meaning it has in the FMCSA regulations.  Dkt, 35, Exhs. 1-2.  The FMCSA's hours of service regulations apply "to all motor carriers and drivers," subject to various inapplicable exceptions.  Dkt 1-1, ¶¶ 3-4; 49 C.F.R. § 395.1(a)(1).  The FMCSA defines "driver" as "any person who operates any commercial motor vehicle," and a commercial motor vehicle "means any self-propelled or towed motor vehicle used on a highway in interstate commerce to transport passengers or property" when the vehicle has a gross vehicle weight rating or gross combination weight rating, or gross vehicle weight or gross combination weight" of 10,001 or more pounds.  49 C.F.R. §390.5T.  Plaintiffs' admissions that they drove "commercial motor vehicles" as defined by the FMCSA thus establishes that the vehicles were of sufficient weight to qualify for federal hours of service regulation and that the vehicles were operated in interstate commerce.

admission of a party."  Plaintiffs are therefore bound by their admissions that they drove property-carrying vehicles and were subject to the FMCSA's hours of service regulations while working for Swift, demonstrating the applicability of the Preemption Determination to their claims as a matter of law.[6]

**B.     The Preemption Determination is Lawful Under *International Brotherhood of Teamsters***

Since Plaintiffs have not (because they cannot legitimately) dispute the applicability of the FMCSA' hours of service regulations, Plaintiffs have argued that the Preemption Determination is unlawful.  Dkt. 28, 36.  But the Ninth Circuit has now foreclosed that argument.  *International Brotherhood of Teamsters*, 2021 WL 139728; Dkt 38-1.

Further, Plaintiffs are not permitted to attack the validity of the Preemption Determination because 49 U.S.C. § 31141(f)(1) provides for a petition for judicial review in a court of appeals as the exclusive means to challenge a preemption determination issued under 49 U.S.C. § 31141(a).  *See United States v. Backlund,* 689 F.3d 986, 1000 (9th Cir. 2012) ("parties may not use a collateral proceeding to end-run the procedural requirements governing appeals of administrative decisions").  District courts in California are unanimous that they may not rule on the validity of the Preemption Determination pursuant to 49 U.S.C. § 31141(f)(1).  *See, e.g., Sales v. United Rd. Servs., Inc.*, 2020 WL

---

[6] The FMCSA hours of service regulations apply at all times to drivers who may reasonably be called upon to drive a route crossing state lines or haul goods originating from or heading to a different state, even if the driver rarely or never drives an interstate route.  *See* Application of the Federal Motor Carrier Safety Regulations, 46 FR 37902-02 (1981) ("[A] driver will remain under the jurisdiction of [the Department] for as long as the driver is in a position to be called upon to drive in interstate commerce as part of the driver's regular duties."); *see also Reich v. Am. Driver Serv., Inc.*, 33 F.3d 1153, 1155 (9th Cir. 1994) ("[E]ven a minor involvement in interstate commerce as a regular part of an employee's duties can subject that employee to the Secretary of Transportation's jurisdiction."); *see also* 49 C.F.R. §390.5T (defining interstate commerce to include transportation "[b]etween two places in a State as part of trade, traffic, or transportation originating or terminating outside the State or the United States.").  Plaintiffs' admissions therefore demonstrate that their job duties subjected them to the FMCSA's hours of service regulations throughout their entire employment with Swift.  *See Nash v. Horizon Freight Sys., Inc.*, 2020 WL 4284820, at *1-2 (N.D. Cal. 2020) (granting summary judgment on the basis of the Preemption Determination even though the plaintiff's "trips were all or almost all within the boundaries of California" and "he performed a substantial amount of purely intrastate activity"); *see also Connell v. Heartland Express, Inc.*, 2020 WL 813022, at *2 (C.D. Cal. 2020) (granting motion to dismiss on the basis of the Preemption Determination because  "the Secretary of Transportation retains regulatory power over drivers … even where 'a sporadic and minute portion' of a driver's activities 'affects the safety of operation of trucks in interstate commerce'").

4035072, at *2 (N.D. Cal. 2020) ("Judicial review of a Department of Transportation preemption determination may only be heard by a circuit court."); *Nash v. Horizon Freight Sys., Inc.*, 2020 WL 4284820, at *2 (N.D. Cal. 2020) ("jurisdiction to review that determination is vested solely in the Court of Appeals"); *Connell v. Heartland Express, Inc.*, 2020 WL 813022, at *3 (C.D. Cal. 2020) ("As review of the FMCSA order is reserved for the Court of Appeals, the Court declines to delve into arguments regarding its merits" citing § 31141(f)); *North v. Superior Hauling & Fast Transit, Inc.*, 2019 WL 6792816, at *3 (C.D. Cal. 2019) ("the Court lacks jurisdiction to review the FMCSA Order"); *Ayala v. U.S Xpress Enterprises, Inc.*, 2019 WL 1986760 at *3 (C.D. Cal. 2019) ("Under 49 U.S.C. § 31141(f), this Court does not have the authority to review the merits of the [Preemption Determination]"); *Henry v. Cent. Freight Lines, Inc.*, 2019 WL 2465330 at *4 (E.D. Cal. 2019) ("this Court is without authority to determine the validity of the FMCSA Preemption Order" under § 31141(f)); *Robinson v. Chefs' Warehouse, Inc.*, 2019 WL 4278926 at *4 (N.D. Cal. 2019) ("any challenge to the [Preemption Determination] must be brought in United States courts of appeal").

However, even if Plaintiffs were permitted to attack the validity of the Preemption Determination in this case, the challenge would fail because *International Brotherhood of Teamsters* rejected the arguments that Plaintiffs have made in opposition to the Preemption Determination.  2021 WL 139728 at *4-12; Dkt 38-1 at 19-38.  The Ninth Circuit held that the FMCSA's determination that California's meal and rest period laws were "on commercial motor vehicle safety" was entitled to deference under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984) and that the agency's determination was a permissible interpretation of the governing statute.[7]  2021 WL 139728 at *4-8; Dkt 38-1 at 19-28.  The Ninth Circuit expressly rejected the argument Plaintiffs advanced in this case that the Preemption Determination is not entitled to deference because it reflect a change in the FMCSA's position.  2021 WL 139728 at *5-6; Dkt 38-1 at 21-22.  The Ninth Circuit further concluded that *Dilts v. Penske Logistics, LLC*, 769 F.3d 637, 643 (9th Cir. 2014), a case Plaintiffs rely on, is not relevant to the Preemption Determination and the statute authorizing it.  2021 WL 139728 at *8, 12; Dkt 38-1 at 27-28, 37 ("*Dilts* did not concern the statute at issue here… *Dilts* does not foreclose the agency's

---

[7] Under *Chevron*, an agency's interpretation of a statute it administers is binding unless the statute is unambiguous or the agency's interpretation is unreasonable.  467 U.S. at 842-43.

1  preemption determination").  Finally, the Ninth Circuit held that the FMCSA's findings that the
2  statutory conditions for preemption were satisfied were not "arbitrary, capricious, an abuse of discretion,
3  or otherwise not in accordance with law."[8]  2021 WL 139728 at *9-12; Dkt 38-1 at 29-37.  Those
4  findings were therefore upheld.  *Id.*

5          The only argument that Plaintiffs have raised against the Preemption Determination that the
6  Ninth Circuit did not address in *International Brotherhood of Teamsters* is that the Determination
7  purportedly violates the non-delegation doctrine.  This argument, however, is completely meritless.
8  While Congress may not transfer its legislative powers to another branch of government, "the
9  Constitution does not deny to the Congress the necessary resources of flexibility and practicality that
10 enable it to perform its functions" and "Congress may obtain the assistance of its coordinate Branches—
11 and in particular, may confer substantial discretion on executive agencies to implement and enforce the
12 laws."  *Gundy v. United States*, 139 S. Ct. 2116, 2123 (2019) (cleaned up).  "So long as Congress 'shall
13 lay down by legislative act an intelligible principle to which the person or body authorized to [exercise
14 the delegated authority] is directed to conform, such legislative action is not a forbidden delegation of
15 legislative power.'"  *Mistretta v. United States*, 488 U.S. 361, 372 (1989) (quoting *J.W. Hampton, Jr., &
16 Co. v. United States*, 276 U.S. 394, 406 (1928)).

17         49 U.S.C. § 31141 clearly satisfies the "intelligible principle" test.  The statute directs the
18 Secretary of Transpiration to "review State laws and regulations on commercial motor vehicle safety
19 [and] decide whether the State law or regulation— (A) has the same effect as a regulation prescribed by
20 the Secretary under section 31136; (B) is less stringent than such regulation; or (C) is additional to or
21 more stringent than such regulation." 49 U.S.C. § 31141(c).  State laws or regulations are preempted if
22 the Secretary finds they are "less stringent" than the federal motor carrier safety regulations or if the
23 Secretary determines "a State law or regulation is additional to or more stringent than" the federal ones
24 and additional conditions are satisfied.  *Id.*  Clearly, "Congress has supplied an intelligible principle to

[8] The arbitrary and capricious standard is the standard of review for agency action that is not the result of adjudicative hearing, like the Preemption Determination.  *Keating v. Fed. Aviation Admin.*, 610 F.2d 611, 612 (9th Cir. 1979); *Holmes v. Helms*, 705 F.2d 343, 346 (9th Cir. 1983).

guide the delegee's use of discretion," and 49 U.S.C. § 31141 is not an unconstitutional delegation.[9] *Gundy*, 139 S. Ct. at 2123.

Therefore, even if Plaintiffs were permitted to challenge the validity of the Preemption Determination in this litigation, which they are not, the Preemption Determination is lawful.

**C.   The Preemption Determination Applies to Claims Arising Prior to Its Issuance**

Plaintiffs have also argued that the Preemption Determination does not apply to claims that arose prior to its issuance.[10] *International Brotherhood of Teamsters* did not address this argument, but it is meritless.  2021 WL 139728 at *9-12; Dkt 38-1 at 29-37.

Plaintiffs improperly frame the issue as whether the Preemption Determination is "retroactive," but 49 U.S.C. § 31141(a) provides that state laws and regulations found to be preempted by the Secretary of Transportation "may not be enforced."  Thus, regardless of when the alleged meal and rest period violations occurred, the Court has no authority to enforce the laws and regulations on which Plaintiffs' claims are based.  Were Plaintiffs to obtain a judgment against Swift in this action, the preempted state meal and rest break laws would be "enforced" after the effective date of the December 21, 2018 determination in violation of 49 U.S.C. § 31141(a).  *See Landgraf v. Usi Film Prods.*, 511 U.S. 244, 274 (1994) ("We have regularly applied intervening statutes conferring or ousting jurisdiction, whether or not jurisdiction lay when the underlying conduct occurred or when the suit was filed.").  In the context of a preemption determination issued under 49 U.S.C. § 31141(a), the relevant date for judging application is when the preempted laws are "enforced," not when the conduct regulated by the preempted laws takes place.  *See, e.g.*, *Ayala*, 2019 WL 1986760 at *3; *Robinson*, 2019 WL 4278926, at *4; *Sales*, 2020 WL 4035072, at *3; *Connell*, 2020 WL 813022 at *3-4; *Nash,* 2020 WL 4284820.

The applicability of the Preemption Determination to acts occurring before its issuance was confirmed by the FMCSA in an opinion letter dated March 22, 2019.  Dkt. 27-3 at 45-48.  The FMCSA

---

[9] "Only twice in this country's history" has the Supreme Court "found a delegation excessive—in each case because 'Congress had failed to articulate *any* policy or standard' to confine discretion."  *Gundy v. United States*, 139 S. Ct. 2116, 2129 (2019) (original emphasis).  The Supreme Court has upheld delegations far more open ended than 49 U.S.C. § 31141, such as "delegations … to regulate in the 'public interest,'" "authorizations … to set 'fair and equitable' prices and 'just and reasonable' rates, and "a delegation ... to issue whatever air quality standards are 'requisite to protect the public health.'"  *Id.*
[10] Both Plaintiffs last worked for Swift prior to the date of the Preemption Determination.

analyzed the language of 49 U.S.C. § 31141(a) and relevant precedents and concluded the agency's "legal opinion is that an FMCSA preemption decision under Section 31141 precludes courts from granting relief pursuant to the preempted State law or regulation at any time following issuance of the decision, regardless of whether the conduct underlying the lawsuit occurred before or after the decision was issued, and regardless of whether the lawsuit was filed before or after the decision was issued." *Id.* at 48. As a reasoned interpretation of the statute it administers, the FMCSA's view that the Preemption Determination applies in all pending cases "without regard to any consideration of retroactivity" is entitled to deference. *See Christensen v. Harris County*, 529 U.S. 576, 587 (2000) (agency "interpretations contained in formats such as opinion letters are 'entitled to respect'"); *see also Vigil v. Leavitt*, 381 F.3d 826, 835 (9th Cir. 2004) (agency opinion letters "are entitled to so-called *Skidmore* deference insofar as they 'constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance'") (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944)).

Numerous courts have also considered and rejected Plaintiffs' arguments regarding "retroactivity" and held that meal and rest period claims are preempted by the Preemption Determination, even when the conduct giving rise to the claims occurred before the Preemption Determination was issued. For instance, the court in *Ayala*, 2019 WL 1986760 at *3, found that "Plaintiff's action is not for reconsideration of a prior determination. Instead, Plaintiff asks the Court to enforce California Labor Code §§ 226.7 and 512. [ ] The Court currently has no authority to enforce the regulations under which Plaintiff brings his first cause of action. Therefore, the issue of retroactive effect is irrelevant." *See also Robinson*, 2019 WL 4278926, at *4 (agreeing with *Ayala* that "'retroactivity' was not an issue because the courts lack authority to enforce the preempted laws"). The court in *Sales*, 2020 WL 4035072, at *3 also concluded that the Preemption Determination prohibits courts from enforcing California's meal and rest period laws, regardless of when the alleged claims accrued. Like *Ayala*, *Sales* explained that the "Court's holding hinges on whether it currently has the authority to enforce the regulations, not whether the regulations should be applied to its prior determinations. Thus, 'the issue of retroactive effect is irrelevant.'" *Id.* at *3 n. 2; *see also Connell*, 2020 WL 813022 at *3-4 ("this Court concurs with the line of cases that have found that the FMCSA

order applies retroactively by necessity because the FMCSA order forecloses present enforcement of the preempted laws").

And most recently, *Nash,* 2020 WL 4284820, at \*2 rejected Plaintiffs' argument that Preemption Determination "cannot be applied 'retroactively' to bar claims for meal and rest break violations that occurred prior to the 2018 determination" because "as most courts to consider the question have concluded, section 31141 strips states of the power to 'enforce' state laws that the Secretary determines are preempted, regardless of when the underlying conduct occurred." *Nash* noted that applying the Preemption Determination to bar conduct predating its issuance "is consistent with the Supreme Court's characterization of section 31141 as authorizing the Secretary to 'void' and 'invalidate' state laws 'upon finding that their content or multiplicity threatens to clog the avenues of commerce[,]'" and also with the FMCSA's own views set forth in its March 22, 2019 opinion letter.[11] *Id.*; *see also City of Columbus v. Ours Garage & Wrecker Serv.*, 536 U.S. 424, 441 (2002) (49 U.S.C. § 31141 "authorizes the Secretary to void any 'State law or regulation on commercial motor vehicle safety'"); *see also Hampton Tree Farms, Inc. v. Yeutter*, 956 F.2d 869, 871 (9th Cir. 1992) (holding that when an act is "void," it is as though it never existed); Dkt. 27-3 at 45-48.

The Preemption Determination therefore bars Plaintiffs' claims, regardless of when they allegedly accrued.

## IV. CONCLUSION

For all of the foregoing reasons, the Ninth Circuit's decision in *International Brotherhood of Teamsters*, coupled with the Preemption Determination and Plaintiffs' admissions, establish that Swift is entitled to judgment as a matter of law.  Swift therefore intends to move for summary judgment. Alternatively, the Court may *sua sponte* grant summary judgment in Swift's favor on the basis of Plaintiffs' undisputed admissions in the record—and failure to contest that they were drivers subject to

---

[11] Swift is aware of one district court decision reaching a contrary conclusion on whether the Preemption Determination bars claims that arose prior to its issuance.  *North v. Superior Hauling & Fast Transit, Inc.*, 2019 WL 6792816, at \*3 (C.D. Cal., 2019).  *North* is clearly an outlier and against the great weight of authority.  The court in *North* misconstrued the issue as being whether agency action is "retroactive" rather than the meaning of the statutory language "may not be enforced."  *North* stated there is a presumption against retroactive agency action, but neglected to focus on the time that the  preempted rules are "enforced" as 49 U.S.C. § 31141(a) and the Preemption Determination demand.  *North* further did not consider the FMCSA's clarifying March 22, 2019 letter.  Dkt. 27-3 at 45-48.

DEFENDANT'S BRIEF RE IBT V. FMCSA

1   the FMCSA.  *Portsmouth Square*, 770 F.2d at 869; Fed. R. Civ. P. 56(c)(1)(A).

2   Dated:  February 1, 2021                    SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP

3

4                                        By      _____
                                                        */s/ John D. Ellis*
                                                     PAUL S. COWIE
5                                                    ROBERT MUSSIG
                                                     JOHN D. ELLIS
6
                                                  Attorneys For Defendant
7                                              SWIFT TRANSPORTATION CO.
                                                   OF ARIZONA, LLC
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24