1  Louis Benowitz (SBN 262300)
2      louis@smithbenowitz.com
   SMITH & BENOWITZ
3  4515 Van Nuys Boulevard, Suite 302
4  Sherman Oaks, California 91403
   Telephone:  (818) 839-7800
5  Facsimile:  (818) 839-9700
6
7  Joshua Cohen Slatkin (SBN 285090)
       jcohenslatkin@jcslaw4you.com
8  LAW OFFICE OF JOSHUA COHEN SLATKIN
9  11620 Wilshire Blvd., Suite 900
   Los Angeles, California 90025
10 Telephone:  (310) 627-2699
11 Facsimile:  (310) 943-2757
12
13 Attorneys for Plaintiffs
   JOHEL VALIENTE and ASHRAF AIAD
14 (Additional Counsel on Next Page)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHEL VALIENTE and ASHRAF AIAD, on behalf of themsleves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, a Delaware limited liability company; and DOES 1–50, inclusive,<br><br>Defendants. | Case No.: 2:19-cv-04217-VAP-KK<br><br>**PLAINTIFFS' NOTICE OF APPEAL**<br><br>Complaint Filed:   October 16, 2018 |

## **ADDITIONAL COUNSEL FOR PLAINTIFFS**

Stanley D. Saltzman (SBN 90058)
    ssaltzman@marlinsaltzman.com
MARLIN & SALTZMAN, LLP
29800 Agoura Road, Suite 210
Agoura Hills, California 91301
Telephone:  (818) 991-8080
Facsimile:   (818) 991-8081

James R. Hawkins (SBN 192925)
    james@jameshawkinsaplc.com
Gregory Mauro (SBN 222239)
    gregory@jameshawkinsaplc.com
Michael J.S. Calvo (SBN 314986)
    michael@jameshawkinsaplc.com
JAMES HAWKINS APLC
9880 Research Drive, Suite 200
Irvine, California 92618
Telephone:  (949) 387-7200
                  Facsimile:    (949) 387-6676

# NOTICE OF APPEAL

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Plaintiffs Johel Valiente and Ashraf Aiad (collectively, "Plaintiffs") hereby give notice that they are appealing the Order Granting Summary Judgment (Doc. 44) and Judgment (Doc. 45) filed and entered on April 5, 2021, and attached hereto as Exhibits A and B respectively, to the U.S. Court of Appeals for the Ninth Circuit.

                                           Respectfully submitted,
                                           SMITH & BENOWITZ
                                           LAW OFFICE OF JOSHUA COHEN SLATKIN
                                           MARLIN & SALTZMAN, LLP
                                           JAMES HAWKINS APLC

Dated: May 3, 2021        BY ___/s/ Louis Benowitz_____
                                              LOUIS BENOWITZ
                                              Attorneys for Plaintiffs

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Johel Valiente et al., <br><br> Plaintiffs, <br><br> v. <br><br> Swift Transportation Co. of Arizona, LLC, et al., <br><br> Defendants. | Case No. 2:19-cv-04217-VAP-KKx <br><br> **Order GRANTING Summary Judgment (Dkts. 41, 42)** |

Before the Court are Defendant Swift Transportation Co. of Arizona, LLC and Plaintiffs Johel Valiente and Ashraf Aiad's Briefs regarding the impact of the Ninth Circuit's January 15, 2021 opinion in *International Brotherhood of Teamsters, Local 2785, et al. v. Federal Motor Carrier Safety Administration, et al*. on this case. After considering the parties' Briefs, the Court deems this matter appropriate for resolution without a hearing pursuant to Local Rule 7-15. The Court awards summary judgment *sua sponte* in favor of Defendant.

## I. BACKGROUND

Plaintiffs are former hourly truck drivers for Defendant. On October 16, 2018, Plaintiffs filed suit against Defendant for, *inter alia*, alleged violations of California's meal and rest break rules. Specifically, Plaintiffs alleged the following claims: (1) Failure to Provide Meal Periods (Cal. Lab.

Code §§ 226.7, 512, and 1198); (2) Failure to Provide Rest Periods (Ca. Lab. Code §§ 226.7 and 1198); (3) Failure to Provide Accurate Written Wage Statements (Cal. Lab. Code § 226(a)); (4) Waiting Time Penalties (Cal. Lab. Code §§ 201-203); (5) Unfair Competition (Cal. Bus. & Prof. Code § 17200 *et seq*.); and, (5) Civil Penalties (Cal. Lab. Code § 2698 *et seq*.)

On March 9, 2020, Defendant filed a Motion for Judgment on the Pleadings arguing, among other things, that Plaintiffs' claims arising from California's meal and rest break laws are preempted by regulations promulgated by the Federal Motor Carrier Safety Administration ("FMCSA"). (Dkt. 27). The Court denied the Motion because the FMCSA's hours of service regulations expressly apply only to drivers operating in interstate commerce and the Complaint states that each Plaintiff "worked for [Defendant] as an hourly truck driver in California." (Dkt. 32). The Court noted that "[o]n a motion for judgment on the pleadings, the Court may not go 'beyond the pleadings to resolve an issue…' [and] [n]either the Complaint nor any properly considered filing (such as one the Court may judicially notice) provides for a basis for the Court to conclude the FMCSA's regulations apply to the jobs performed by Plaintiffs…." (*Id*.)

On December 28, 2020, Defendant moved the Court to reconsider its Order Denying Defendant's Motion for Judgment on the Pleadings. (Dkt. 34). Defendant argued that it discovered new evidence, *i.e*., alleged admissions in Plaintiffs' discovery responses regarding Plaintiffs' participation in interstate commerce. (Dkt. 34-1). The Court denied the Motion for Reconsideration because the Court could not consider the

2

alleged admissions on a motion for judgment on the pleadings; discovery responses are not proper subjects of judicial notice.  (Dkt. 40).

Nevertheless, the Court acknowledged the Ninth Circuit's ruling in *International Brotherhood* and its potential effect on the instant case.  The Court therefore ordered the parties to brief *International Brotherhood's* impact on this case.  (*Id.*)

## II.  DISCUSSION

Defendant argues in its brief that the Court should grant summary judgment *sua sponte* in favor of Defendant in light of *International Brotherhood*.  The Court agrees.

Pursuant to Federal Rule of Civil Procedure 56, after giving notice and a reasonable time to respond, the court may grant summary judgment for a nonmovant.  Fed. R. Civ. P. 56(f)(1).  However, "a court may grant summary judgment without notice if the losing party has had a 'full and fair opportunity to ventilate the issues involved in the motion.'"  *In re Rothery*, 143 F.3d 546, 549 (9th Cir. 1998) (*quoting In re Harris Pine Mills*, 44 F.3d 1431, 1439 (9th Cir. 1995)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) ("[D]istrict courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence."); *Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery*, 44 F.3d 800, 803 (9th Cir. 1995) (affirming *sua sponte* award of summary judgment in favor of a non-appearing party).

In *International Brotherhood*, the Ninth Circuit held that the FMCSA's determination that federal law preempts California's meal and rest break rules as to property-carrying commercial vehicle drivers was valid. *Int'l Bhd. of Teamsters, Loc. 2785 v. Fed. Motor Carrier Safety Admin*., 986 F.3d 841 (9th Cir. 2021); *see also* California's Meal and Rest Break Rules for Commercial Motor Vehicle Drivers; Petition for Determination of Preemption, 83 FR 67470-01.  As a result, commercial motor vehicle drivers subject to the FMCSA's hours-of-service regulations may not bring claims labor under California's meal and rest break rules.

Plaintiffs do not deny that they are subject to the FMCSA's hours-of-service regulations.  Rather, Plaintiffs contend that the Court may not apply the FMCSA's preemption determination retroactively.  (Dkt. 42).  The Court is not persuaded by this argument.  As Defendant correctly points out, the Court currently has no authority to enforce the regulations upon which Plaintiffs' meal and rest break claims rest.  Plaintiffs fail to address the litany of cases cited by Defendant echoing this point.  *See e.g*., *Ayala v. U.S Xpress Enterprises, Inc*., No. EDCV 16-137 GW (KKx), 2019 WL 1986760, at *3 (C.D. Cal. May 2, 2019); Dkt. 41, at 9-11.  Accordingly, the undisputed facts entitle Defendant to judgment as a matter of law on Plaintiffs' meal and rest break claims.

District courts may grant summary judgment *sua sponte* in absent of a formal motion so long as "the party against whom judgment was entered had a full and fair opportunity to develop and present facts and legal arguments in support of its position."  *Portsmouth Square Inc. v. S'holders*

*Protective Comm.*, 770 F.2d 866, 869 (9th Cir. 1985). The Court finds that this requirement is satisfied. Plaintiffs were put on notice that the sufficiency of their claims were at issue in the Court's January 22, 2021 minute order denying Defendant's Motion for Reconsideration and ordering the parties to brief the effect of the Ninth Circuit's ruling in *International Brotherhood*. Plaintiffs had a full and fair opportunity to develop and present facts and legal arguments in their brief currently before the Court.

The Court finds there are no triable issues of material fact and Plaintiffs' meal and rest break claims fail as a matter of law as they are preempted by the FMCSA's determination. Plaintiffs do not dispute that their remaining claims depend on their meal and rest break claims. (*See* Dkt. 41, at 2, 5; Dkt. 42; Dkt. 1-1, ¶¶ 40-71). The Court therefore GRANTS summary judgment in Defendant's favor on all of Plaintiffs' claims.

### III.  CONCLUSION

The Court awards summary judgment *sua sponte* in favor of Defendant.

**IT IS SO ORDERED.**

Dated:   4/5/21

Virginia A. Phillips
United States District Judge

5

EXHIBIT B

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Johel Valiente et al.,

    Plaintiffs,

v.

Swift Transportation Co. of Arizona, LLC, et al.,

    Defendants.

Case No. 2:19-cv-04217-VAP-KKx

**JUDGMENT**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

Pursuant to the Order awarding Summary Judgment *sua sponte* in favor of Defendant Swift Transportation Co. of Arizona, LLC, IT IS ORDERED AND ADJUDGED that the action, *Johel Valiente et al. v. Swift Transportation Co. of Arizona, LLC, et al.*, 2:19-cv-04217-VAP-KKx, is DISMISSED WITH PREJUDICE. The Court orders that such judgment be entered.

**IT IS SO ORDERED.**

Dated: 4/5/21

    Virginia A. Phillips
    United States District Judge